IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| ALPHONSO RAVON MORRISON | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. PWG-15-3738 |
| | | |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |
| | ***** | |

## MEMORANDUM OPINION

Pending before this court is a recently filed letter from Alphonso Ravon Morrison, a Bureau of Prisons' inmate currently housed in the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). ECF No. 1. Morrison seeks the appointment of counsel to raise a challenge to a federal sentence imposed in 2001. The correspondence was instituted as the above-captioned 28 U.S.C. § 2241 petition for writ of habeas corpus.

To properly review the petition, the court needs to examine Morrison's criminal and civil case history in the federal courts.

> On January 18, 2001, Petitioner was convicted by a jury in [the United States District Court for the Western District of North Carolina] on one count of conspiracy with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1). *See United States v. Morrison*, Criminal No. RLV-99-70 (W.D. N.C.). Based on Petitioner's two prior drug convictions, which were noticed by the Government pursuant to 21 U.S.C. § 851, on May 7, 2001, Petitioner was sentenced to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). On July 16, 2002, Petitioner's judgment was affirmed on appeal, and he did not file a petition for a writ of certiorari. *See United States v. Morrison*, 39 Fed. App'x 927 (4th Cir. 2002) (unpublished).

*United States v. Morrison*, No. 12-150 (W.D.N.C. Oct. 21, 2015), Memorandum and Order.

On December 16, 2005, Morrison filed a self-represented 28 U.S.C. § 2255 motion to vacate in the United States District Court for the Western District of North Carolina in which he

challenged his criminal judgment on ineffective assistance of counsel grounds. *Id.* On February 10, 2006, Judge Richard Voorhees dismissed the motion as untimely. *Morrison v. United States*, No. RLV-05-285, 2006 WL 335880 (W.D.N.C. Feb. 10, 2006). Morrison did not appeal, although he did file a petition for a writ of mandamus with the Fourth Circuit contending that this Court unduly delayed in ruling on his motion to alter or amend the judgment which dismissed his § 2255 motion to vacate. This petition was denied. *In re Morrison*, 350 Fed. App'x 801 (4th Cir. 2009).

On October 1, 2012, Morrison filed a petition for habeas corpus relief in the United States District Court for the Western District of North Carolina seeking relief from his criminal judgment pursuant to 21 U.S.C. § 2241. *Morrison v. United States*, No. 12-150, 2013 WL 123055, at *1 (Jan. 9, 2013). He argued that he was entitled to sentencing relief based on, among other authority, the opinion issued by the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[1] *See id.* Morrison also included alternative claims for relief pursuant to writs of *coram nobis* or *audita querela* under 28 U.S.C. § 1651 (the "All Writs Act"). *Id.* He argued that his 1998 state drug convictions are no longer valid, predicate convictions that can support his statutory mandatory-minimum sentence of life imprisonment because he could not have received more than a year in prison on the state convictions. *Id.* at *2. Consequently,

---

[1]    In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law. *Simmons*, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the *Simmons* Court expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), which held that in determining "'whether a conviction is for a crime punishable by a prison term exceeding one year' under North Carolina law 'we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history.'" *Id.* (quoting *Harp*, 406 F.3d at 246) (emphasis omitted)).

Morrison contended that he was entitled to be resentenced without the Court's consideration of his prior state drug convictions. *Id.* at *1. In response to Judge Voorhees's order, the Government filed an answer arguing that Morrison's claim for relief should be denied because relief was unwarranted because Morrison's sentence was within the statutory maximum.

On January 9, 2013, Judge Voorhees entered an Order denying the § 2241 petition and Morrison's alternative claims for relief. *Id.* In sum, the Court found that § 2241 relief was precluded by the Fourth Circuit's opinion in *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000),[2] and his alternative claims for relief were barred by other controlling precedent. *Morrison*, 2013 WL 123055. Morrison appealed and the Fourth Circuit granted the parties' joint motion to remand to the United States District Court for the Western District of North Carolina to consider the Government's new position that Morrison was entitled to habeas relief under § 2241. *See Morrison v. United States*, No. RLV-12-150, ECF No. 9. On remand, the Government agreed that Morrison was entitled to sentencing relief under the savings clause of § 2255(e), concluding that he was erroneously sentenced based on an improperly applied mandatory minimum sentence. *Id.*, ECF No. 13.

Notwithstanding the Government's argument, on October 21, 2015, Judge Voorhees concluded that Morrison could not obtain relief pursuant to a § 2241 petition. The court found

---

[2] The Fourth Circuit concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

that Morrison's claims were insufficient to satisfy § 2255's savings clause based upon the *Jones* opinion and the recently published *Surratt* decision.[3]   The case remains on appeal.  *See Morrison v. United States*, No. 15-7870.

Morrison is now confined at FCI-Cumberland.  On December 4, 2015, he filed a letter with this Court requesting the appointment of counsel.  Pet., ECF No. 1.  He reiterates the post-judgment history of his criminal case and takes issue with Judge Voorhees's October 2015 ruling.  *Id.*  The correspondence was instituted as this 28 U.S.C. § 2241 petition for habeas corpus relief.  *Id.*

It is not crystal clear that Morrison intended to file a § 2241 petition in this Court. Although I am sympathetic to Morrison's situation, I find the petition to be premature.  Judge Voorhees's decision as to Morrison's § 2241 petition, currently on appeal, relied on the *Surratt* opinion to deny relief.  I observe that on December 2, 2015, the Fourth Circuit granted the motion for rehearing en banc in the *Surratt* decision.  Oral argument is tentatively scheduled for March 22–25, 2016.  I find it makes imminent sense to allow the appellate process to run its course as to Morrison's previously filed appeal of his § 2241 petition and shall dismiss this petition without prejudice.

---

[3]     In *Surratt*, the Fourth Circuit clarified that the § 2255 savings clause is inapplicable when prior convictions used to enhance a petitioner's sentence no longer count as predicate offenses. *See United States v. Surratt, Jr.*, 797 F.3d 240 (4th Cir. 2015).  The district court in that case had sentenced Surratt to a mandatory life sentence after the government had identified four prior drug-related felony convictions.  *Id.* at 245.  Following Surratt's sentencing, however, the Fourth Circuit decided *Simmons*, which changed a district court's calculation of certain "felony drug offenses" under North Carolina law.  *Id.*  Post-*Simmons*, the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense."  *Id.* at 245–46.  In other words, it recognized that, had Surratt been sentenced after the Fourth Circuit decided *Simmons*, he would not have been subject to a mandatory life sentence.  *Id.* at 246.

An inmate has no absolute entitlement to appeal a district court's denial of his request for post-conviction relief. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Slack*, 529 U.S. at 484 and *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Morrison has not made such a showing and the court declines to issue a certificate of appealability.

A separate order follows.

Dated: December 23, 2015

/S/

Paul W. Grimm
United States District Judge